## CAMP FIRE CLUB OF AMERICA v. UNITED STATES.
### No. L–162.

Court of Claims.
Nov. 14, 1932.

Edward Clifford, of Washington, D. C. (H. H. Shinnick, of Washington, D. C., on the brief), for plaintiff.

Fred K. Dyar, of Washington, D. C., and Charles B. Rugg, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

GREEN, Judge.

This case is determined by the facts and does not require any elaborate discussion. The findings show that in order to be entitled to membership in the club a candidate must show he has successfully hunted big game, and that the predominant purpose of the club is to continue a supply of wild life to be hunted by the present and future generations. Hunting, when not carried on for profit (and it appears that hunting for profit was condemned by the club), is a sport, and we think that a club composed of sportsmen and organized for the purpose of enabling the particular sport in which they are interested to be carried on is a sporting club within the meaning of the statute. Besides this, the findings also show that the club regularly conducted a number of sporting events such as contests in rifle, shotgun, and revolver shooting, fly casting, bait casting, canoeing, turkey shoots, etc.; also winter sports consisting of skating, skiing, and snowshoeing. Even a ladies' day was held with various types of sports participated in by ladies with prizes awarded. In addition, the club held dinners in New York to which a large number of guests were invited. There were certain features in connection with these dinners which were educational, but they were partly in the way of entertainment and social amenities. The sporting events were clearly a material part of the activities of the club and not merely incidental thereto, and it seems to us the entertainments were also.

Under the rules laid down in the previous decisions of this court, plaintiff's petition must be dismissed, and it is so ordered.